UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED -PS-O-

2007 NOV 15 AM 11: 02

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

KINTE CANADA, 04-B-2487,

        Petitioner,

   -v-

07-CV-0575Sc
**ORDER**

SUPERINTENDENT JOHN DENELLI,

        Respondents.

    The petitioner, Kinte Canada, acting *pro se*, seeks permission to proceed *in forma pauperis* and challenges his conviction in Supreme Court, Erie County, State of New York, pursuant to 28 U.S.C. § 2254.

    Plaintiff's request to proceed as a poor person is hereby granted.

    28 U.S.C. § 2254 requires a petitioner for habeas corpus relief to first exhaust his state court remedies. It appears plain from the face of the petition that the petitioner has not exhausted the state court remedies. Specifically, petitioner, following the affirmance of his conviction by the New York State Supreme Court, Appellate Division, Fourth Department, People v. Canada, 28 A.D.3d 1230, 812 N.Y.S.2d 908 (4th Dept. 2006), did not admittedly seek leave to appeal the conviction to the New York Court of Appeals. In order to properly exhaust state court remedies, a petitioner must fairly present his claims to the state's highest court. O'Sullivan v. Boerckel, 526 U.S. 838, 839-40 (1999); *e.g.*, Jordan

v. LeFevre, 206 F.3d 196, 198 (2d Cir.2000). Petitioner also notes that he did not file any motions or applications for state post-conviction relief. A petitioner may exhaust his state court remedies by pursuing his claims throughout a full round of state post-conviction proceedings. 2 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 23.3b, at 671 (1994) (citing Castille v. Peoples, 489 U.S. 346, 350-51 (1989)).

While it appears from the face of the petition that the petition should be dismissed due to petitioner's failure to exhaust his state court remedies with respect to each of the claims raised in the petition, the United States Court of Appeals for the Second Circuit has held that a federal district court should not sua sponte dismiss a federal habeas claim on the basis of petitioner's failure to exhaust without first providing the petitioner notice and opportunity to be heard. E.g., Acosta v. Artuz, 221 F.3d 117, 121-24 (2d Cir.2000) (courts may not sua sponte raise nonjurisdictional defenses without affording inmate "notice and an opportunity to be heard" relative to the proposed dismissal); Klem v. Brunelle, 96-CV-0807, 1999 WL 603824, at *2 n. 3 (W.D.N.Y. Aug. 9, 1999) (exhaustion requirement applicable to federal habeas corpus petitions is not jurisdictional but rather a principle of comity) (citation omitted).

Accordingly, petitioner is directed to show cause by filing an affidavit or affirmation, within **thirty (30) days** from the date of

this Order, why the instant petition should not be barred for failure to exhaust the claims raised in the petition. No response shall be required from respondent at this time.

**Petitioner is advised that his failure to comply with this Order as directed will result in the automatic dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court without further order or notice to petitioner.** If petitioner does not comply with this Order within **30 days** from the date of this Order, he Clerk of the Court is directed to dismiss the petition without prejudice. Such dismissal shall **not** constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition.

**SO ORDERED.**

S/ Michael A. Telesca

---
MICHAEL A. TELESCA
United States District Judge

Dated:   November 14, 2007
         Rochester, New York